IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


STANLEY SMITH, et al.            :       CIVIL ACTION
                                     :
       v.                          :
                                       :
LIBERTY MUTUAL FIRE INS. CO.     :       NO. 07-0834


L. Felipe Restrepo
United States Magistrate Judge                May 16, 2008

## MEMORANDUM AND ORDER

The facts of this case are undisputed. <u>See</u> Tr. Oral Arg., 4/29/2008, 4:7-24.  On April 22, 2006, Plaintiff Stanley Smith (age 55) was severely injured when his motorcycle was struck by a minivan driven by Martin Bennett. <u>See</u> Pls. Pretrial Mem. 1 (Doc No. 20); Def. Reply Mem. 1 (Doc No. 21).  Mr. Smith was consequently unable to return to his former job as a school security officer. <u>See</u> Pls. Pretrial Mem. 1; Def. Reply Mem. 1.

At the time of the accident, Mr. Smith had a motorcycle insurance policy with Dairyland Insurance Company ("Dairyland"). <u>See</u> Pls. Pretrial Mem. 2.  The policy he purchased had an underinsured motorist ("UIM") limit of $100,000. <u>Id.</u>  He received the $100,000 UIM benefits under that policy. <u>Id.</u>  He also received $100,000 from Mr. Bennett's automobile liability insurance policy with The Hartford. <u>Id.</u>

Mr. Smith and his wife, Plaintiff Patricia Smith, now seek UIM benefits under an policy they purchased from Defendant, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), for their two automobiles, a 2000 Chevrolet and a 1997 Lexus. <u>See</u> Def. Not. Removal (Doc. No. 1).  The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

The dispositive issue in this case[1] is whether the "household exclusion" clause contained in Mr. and Mrs. Smith's automobile insurance policy with Liberty Mutual prohibits them from collecting UIM coverage[2] with regard to the subject motorcycle accident.  Pennsylvania law applies.

Plaintiffs submitted a pretrial memorandum, (Doc. No. 20), on the issue of the household exclusion clause on January 30, 2008.  Defendant filed a reply memorandum on March 4, 2008, (Doc No. 21), and Plaintiffs filed a sur-reply on March 25, 2008.  (Doc. No. 22).  Oral argument was held on April 29, 2008.  (See 4/15/08 Order, Doc. No. 23.)

The policy at issue states:

> EXCLUSIONS:
>
> A.    We do not provide Underinsured Motorist Coverage for "bodily injury" sustained:
>
> 1.    While "occupying" a motor vehicle owned by you or a "family member" not insured for Underinsured Motorist Coverage under this policy; nor to "bodily injury" from being hit by any such motor vehicle.

See Pls. Pretrial Mem. 3; Def. Reply. Mem. 2.

Plaintiffs argue that the above-quoted "household exclusion" clause is invalid as a matter of public policy under the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa. Cons. Stat. § 1738.  See Pls. Pretrial Mem. 1.  Plaintiffs argue that because they are not

---

[1]  At oral argument, counsel for both parties agreed that a ruling in favor of Liberty Mutual on the "household exclusion" issue is dispositive.  See Tr. Oral Arg 3:24-4:6.

[2]  UIM coverage is defined as coverage "for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles."  75 Pa. Cons. Stat. § 1731(c) (2007).

attempting to "convert UIM coverage into liability coverage," their claim for UIM benefits should be granted.  See id. at 2.  In support, Plaintiffs cite Marroquin v. Mut. Benefit Ins. Co., 591 A.2d 290 (Pa. Super. 1991) and Paylor v. The Hartford, 640 A.2d 1234 (Pa. 1994), two Pennsylvania cases in which household exclusion clauses were found contrary to the public policy contained in the MVFRL.  See id. at 3-4.

Defendant responds by pointing to subsequent, superceding decisions by the Supreme Court of Pennsylvania, such as Prudential Prop. & Cas. Ins. Co. v. Colbert, 813 A.2d 747 (Pa. 2002), and Eichelman v. Nationwide Ins. Co., 711 A.2d 1006, 1008 (Pa. 1998), and of the Superior Court, such as Old Guard Ins. Co v. Houck, 801 A.2d 559 (Pa. Super. 2002), in which household exclusion clauses were found both valid and consistent with the legislative purpose of the MVFRL, notwithstanding the argument that the plaintiffs were not attempting to "convert" UIM coverage to liability coverage.  See Def. Reply Mem. 3-6.  Defendant asserts that household exclusion clauses are now considered consistent with the policy behind the MVFRL because they "function to protect insurers against forced underwriting of unknown risks that insureds have neither disclosed nor paid to insure."  Def. Reply Mem. 5-6 (quoting Colbert, 813 A.2d at 762-63).

Legal precedent supports Defendant's position.  See, e.g., Nationwide Mut. Ins. Co. v. Brown, 2005 U.S. Dist. LEXIS 25417 (W.D. Pa. Sept. 8, 2005), aff'd, 387 F. Supp. 2d 497 (3d Cir. Mar. 21, 2007); Prudential Prop. & Cas. Ins. Co. v. Colbert, 813 A.2d 747 (Pa. 2002); Alderson v. Nationwide Mutual Insurance Co., 884 A.2d 288 (Pa. Super. 2005) ("The household exclusion has been upheld . . . notwithstanding express arguments that it violates public

policy.")[3]; Estate of Demutis v. Erie Ins. Exchange, 851 A.2d 172 (Pa. Super. 2004); Nationwide

Mut. Ins. Co. v. Harris, 826 A.2d 880 (Pa. Super 2003), appeal denied, 847 A.2d 1287 (Pa.

2004); Rudloff v. Nationwide Mut. Ins. Co., 806 A.2d 1270 (Pa. Super. 2002), appeal denied,

818 A.2d 505 (2003); Old Guard Ins. Co. v. Houck, 801 A.2d 559 (Pa. Super. 2002).[4]

     For example, in Old Guard v. Houck, the plaintiff sought UIM coverage under her

personal automobile policy after she was struck by a car and severely injured while riding on her

husband's motorcycle.  801 A.2d at 559 n.1.  The plaintiff had insured the motorcycle under a

separate motorcycle insurance policy, and collected the limits of the tortfeasor's policy.  Id.

---

[3]  The Court requested that Plaintiffs distinguish their case from Alderson v. Nationwide
Mut. Ins. Co., 884 A.2d 288 (Pa. Super. 2005), in which the Superior Court upheld a household
exclusion clause under circumstances virtually identical to the ones in the present case.  In
Alderson, the plaintiff was struck and injured while riding his motorcycle.  He collected the
limits of the tortfeasor's insurance policy and the UIM coverage limit of his motorcycle policy
with Nationwide.  884 A.2d at 289.  He then sought UIM benefits under the automobile policy he
had purchased from Nationwide for his other household vehicles.  Id. The latter policy contained
a household exclusion clause.  Id. The Superior Court, citing Colbert, upheld the household
exclusion.  Id. at 290.
    Plaintiffs responded to the Court by pointing to the fact that, in Alderson, the plaintiffs
had insured one of two of their motorcycles under their automobile policy, but apparently chose
to insure the motorcycle at issue under a separate Nationwide policy.  See Tr. Oral Arg, 4/29/08,
10-11.  In their case, Plaintiffs argue, they were essentially forced to insure their motorcycle with
Dairyland rather than Liberty Mutual because (1) they were unaware that Liberty Mutual offered
motorcycle insurance, and (2) because their automobile policy with Liberty Mutual expressly
excluded motorcycles from coverage.  See Pls. Mem. 6-7.
    This distinction is irrelevant to our inquiry regarding the validity of Liberty Mutual's
household exclusion clause.  The key issue is not whether Plaintiffs could have insured their
motorcycle with Liberty Mutual under a separate policy or the same policy, but whether the
motorcycle in fact was insured under the policy from which UIM coverage is sought.  See Tr.
Oral Arg. 12-13.  In both Alderson and this case, the motorcycle at issue was not insured under
the policy from which the plaintiffs attempt to obtain coverage, and hence gratis coverage is
sought in both cases.  See, e.g., Brown, 2005 U.S. Dist. LEXIS, at *6.

[4]  See also Nationwide Mut. Ins. Co. v. Roth, 252 Fed. Appx. 505 (3d Cir. 2007) (not
precedential); Nationwide Mut. Ins. Co. v. Viola, 66 Fed. Appx. 352 (3d Cir. 2003) (not
precedential).

As in this case, the plaintiff in Old Guard cited Marroquin and Paylor as supporting precedent, and argued that "because she was not attempting to convert the less expensive UIM coverage into liability coverage," Old Guard's household exclusion policy should be declared invalid on grounds of public policy.  Id. at 561.

After a comprehensive analysis of the Pennsylvania Supreme Court's decisions after Marroquin and Paylor, the Superior Court in Old Guard pointed to subsequent decisions by the Supreme Court, namely Eichelman v. Nationwide Ins. Co., 711 A.2d 1006 (Pa. 1998), Hart v. Nationwide Ins. Co., 663 A.2d 682 (Pa. 1995), and Windrim v. Nationwide Ins. Co., 641 A.2d 1154 (Pa. 1994), that rejected the argument that household exclusions violate public policy.  See Old Guard, 801 A.2d at 561-67.  For example, the Superior Court pointed to Eichelman, in which the Supreme Court stated that the household exclusion did not contravene the legislative intent behind the MVFRL, namely the desire to "stop the spiraling costs of automobile insurance." Id. at 567 (citing Eichelman, 711 A.2d at 1009).  Rather, the Superior Court stated:

> Were we to accept [the plaintiff's] position, a family with multiple vehicles could insure one vehicle with one insurer for a high amount of UIM coverage and insure the remaining vehicles with another insurer for minimum UIM coverage, and yet still recover from the former insurer when the latter's benefits prove inadequate when an accident occurs . . . If such a result were permitted, it would certainly result in higher insurance premiums on all insureds within the Commonwealth because insurers would have to collect premiums for unknown potential risks that they did not contract for."

Id. at 567-68.

Further, in Old Guard, the Superior Court found that "the inequity of the situation is amplified" in cases where the plaintiff attempts to obtain UIM coverage for her **motorcycle**

under her automobile policy.  Id. at 567.   Specifically, the Superior Court stated,

> To state the obvious, one is more likely to suffer greater injury in an accident when operating a motorcycle than when operating a large sport utility vehicle.  Generally, then, one would expect an insurer to demand higher UIM premiums to insure against the risk of greater injury for the operator of the motorcycle.  Again, were we to accept [the plaintiff's] position, a party could purchase a minimal amount of UIM coverage for a motorcycle from one insurer and purchase a much higher amount of UIM coverage for an automobile from another insurer, and yet still collect UIM benefits from the latter when the former's benefits prove inadequate.

Id. at 567-68.  In sum, the Superior Court in Old Guard found that household exclusion clauses

actually "support the "legislatively stated public policy of reducing insurance costs.'"  Id. at 568

(citing Eichelman, 711 A.2d at 1010).

       In Prudential Prop. & Cas. Ins. Co. v. Colbert, 813 A.2d 747 (Pa. 2002), the Supreme

Court of Pennsylvania, in response to a Petition for Certification of Questions of Law from the

United States Court of Appeals for the Third Circuit, considered whether household exclusion

clauses are void as against the public policy of the MVFRL.  813 A.2d at 748.  The Supreme

Court found unequivocally that such exclusions are valid under Pennsylvania law.  See id. at 755.

       The Colbert court reasoned that household exclusion clauses "**function[] to protect**

**insurers against forced underwriting of unknown risks that insureds have neither disclosed**

**nor paid to insure**.  Thus, operationally, insureds are prevented from receiving gratis coverage,

and insurers are not compelled to subsidize unknown[5] and uncompensated risks by increasing

---

       [5]  Plaintiffs argue that the risk associated with their motorcycle was not unknown to Liberty Mutual, because its existence was allegedly "well documented" in their file.  See Pls. Mem. 6.  Even if true, this fact does not change our analysis.  See Alderson, 884 A.2d at 290 ("Alderson argues that Nationwide knew about the [motorcycle] . . . and that this knowledge

insurance rates comprehensively."[6]  Id. at 753.  Further, the Colbert court stated that "if this Court were to void the exclusion, insureds would be empowered to regularly drive an infinite number of non-owned vehicles, and receive gratis UIM coverage on all of those vehicles if they merely purchase UIM coverage on one owned vehicle."  Id. at 754. The Colbert court found such a result "untenable."  Id.

After reviewing the afore-mentioned precedent, the Court finds that the household exclusion clause contained in the Liberty Mutual automobile policy is consistent with public policy, and shall be enforced[7].  Given counsels' agreement that a ruling in favor of Liberty Mutual would be dispositive of this case, the Court will enter an Order dismissing this matter with prejudice.

---

somehow alters the validity of the household exclusion . . . But the fact that Nationwide [knew about] all the household vehicles does not change the result.  The risks appurtenant to the operation of the motorcycle were rated separately, and a separate premium for specific coverages was paid; no extra coverage under other household policies was purchased.") (internal citations omitted).

[6]  Plaintiffs contend that they would not be receiving gratis UIM coverage for their motorcycle because they paid for their Liberty Mutual automobile policy.  See Pls. Mem. 6-7. Plaintiffs misunderstand what is meant by "gratis" coverage in this context.  Liberty Mutual does not contest the fact that Plaintiffs expended **some** money to purchase their Liberty Mutual automobile policy (and neither did any of the defendants in the afore-mentioned cases). However, the issue is whether the amount of the premium Plaintiffs paid for their automobile policy for their Chevrolet and Lexis included the cost of the risk of insuring their motorcycle against underinsured motorists.  Because Plaintiffs did not pay for such coverage via the premiums they paid to Liberty Mutual, the UIM coverage they seek is indeed "gratis" in this context.  See Colbert, 813 A.2d at 754 (citing Burnstein v. Prudential Prop. & Cas. Ins. Co., 809 A.2d 204, 208 (Pa. 2002)).

[7]  Because the Court finds that Plaintiffs are not entitled to coverage under the Liberty Mutual policy, we need not reach the issue of stacking.  See Pls. Sur-Reply; see also Alderson, 884 A.2d at 291 n.3; Harris, 826 A.2d at 880 (Orie Melvin, J., concurring).

The Court's Order follows.